{¶ 23} I fully concur with the majority's reasoning that a police officer must be granted wide discretion in his professional judgment of whether assistance is needed by fellow law enforcement or fire and rescue teams. I believe, however, that a material issue of fact remains as to whether this particular officer was actually on a call to duty at the time of the accident. Accordingly, I respectfully dissent.
 {¶ 24} Officer Morber stated unequivocally in his affidavit that he was responding to a call to duty at the time of the accident. This statement, however, is contradicted by the police report generated as a result of the accident. In addition, the police report itself was properly before the trial court because it was attached as an exhibit to Appellee's motion for summary judgment. While the police report mentions a fire engine passing through the intersection, there is no indication that Officer Morber ever informed the officer issuing the citation that he was on a call to duty or that he was providing assistance to the fire department at the time of the collision. The traffic report indicates only that Officer Morber was waiting at the intersection to make a turn. The first time the defense of call to duty was specifically raised was in the officer's affidavit, attached to Appellee's motion for summary judgment, which was filed nearly 54 months after the accident.
 {¶ 25} Under the majority's analysis, complete deference is given to the officer's affidavit. Our standard of review, however, compels us to examine the evidence in a light most favorable to the nonmoving party and we must resolve any doubt in favor of the nonmoving party. Civ.R. 56(C); Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Construing the evidence in a light most favorable to Appellants, I believe that the conflict between the police report, omitting any reference to a call to duty, and Officer Morber's affidavit create a genuine issue of material fact that must be resolved by a jury. See Hopev. Shiveley (Sept. 5, 2000), 12th Dist. No. CA2000-04-022 (finding that a conflict between a police report and testimony on the degree of injuries suffered in an accident "was a disputed question of fact to be resolved by the jury"). I would reverse and remand for further proceedings.